IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LACKAWANNA CHAPTER OF THE RAILWAY & LOCOMOTIVE HISTORICAL SOCIETY, INC., and THE FRIENDS OF THE NEW JERSEY RAILROAD AND TRANSPORTATION MUSEUM COMMISSION, INC., <br><br> Plaintiffs <br><br> vs. <br><br> ST. LOUIS COUNTY, MISSOURI d/b/a MUSEUM OF TRANSPORTATION, <br><br> Defendant | CIVIL ACTION - LAW <br><br> JURY TRIAL DEMANDED <br><br> Judge Stephen N. Limbaugh <br><br> No. 4:04-CV-00734 <br><br> (Electronically Filed) |

## SECOND AMENDED COMPLAINT

### COUNT I

1.  Plaintiff, LACKAWANNA CHAPTER OF THE RAILWAY & LOCOMOTIVE HISTORICAL SOCIETY, INC., is a Pennsylvania not-for-profit corporation with its principal place of business located in Mountainhome, Monroe County, Pennsylvania.

2. Plaintiff, THE FRIENDS OF THE NEW JERSEY RAILROAD AND TRANSPORTATION MUSEUM COMMISSION, INC., is a New Jersey not-for-profit corporation with its principal place of business in Phillipsburg, New Jersey.

3. Defendant, ST. LOUIS COUNTY, MISSOURI, is a body corporate and politic organized and existing under the laws of the State of Missouri with offices located at 41 South Central Avenue, Clayton, Missouri 63105.  Defendant operates the MUSEUM OF TRANSPORTATION at 3015 Barrett Station Road, St. Louis,  Missouri 63122.

4. The jurisdiction in this matter is based on diversity of citizenship and the existence of a substantial federal question.  The amount of controversy in this case exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs.

5. In or about 1905, the American Locomotive Company, of Schenectady, New York, manufactured for the Delaware, Lackawanna & Western Railroad Company (hereafter the **"Lackawanna Railroad"**), a steam locomotive designated as Locomotive No. 952.

6. Locomotive No. 952 was used primarily on the Lackawanna Railroad's passenger trains from Scranton, Pennsylvania, to Hoboken, New Jersey,

and in later years on the Railroad's entire system in the States of Pennsylvania, New Jersey and New York.

7. Locomotive No.952 was known as a **"camelback"** locomotive, because the engineer's cab and controls were located in the middle of the boiler. The vast majority of steam locomotives utilized during that period of time on nearly all other American railroads had the cab and controls located at the end of the firebox. **"Camelback"** locomotives were constructed for and used by railroads in the coal regions of Pennsylvania, predominantly in Lackawanna and Luzerne Counties. The location of the engineer's cab in the middle of the boiler permitted a camelback locomotive to use wide fireboxes in order to burn anthracite coal, which was mined in abundance in and around Scranton, Wilkes-Barre, and Hazleton, Pennsylvania.

8. Locomotive No. 952 was one of four **"900 Series"** camelback locomotives utilized in connection with the Lackawanna Railroad's public relations effort to induce passengers to use the railroad, since anthracite coal was considered a **"clean burning"** coal with very little smoke and cinders. This public relations effort began in or about 1905 shortly after Locomotive No. 952 entered service. The Lackawanna Railroad introduced a fictional passenger, known as

**"Phoebe Snow,"** and created the slogan **"my gown stays white from morn to night upon the road of anthracite"**.

9. Locomotive No. 952 was utilized by the Lackawanna Railroad in regular, active service beginning in 1905 and continuing until 1938.

10. In 1938, the officers of the Lackawanna Railroad decided to retire Locomotive No. 952 from active service.

11. By Agreement dated April 17, 1939, the Lackawanna Railroad transferred ownership of Locomotive No. 952 to the Railway and Locomotive Historical Society, Inc. ("R&LHS"), a Massachusetts corporation, subject to certain conditions. The document of transfer states that the locomotive would be used by the R&LHS only for the purposes of exhibition or as a museum piece, and that the purpose of the transaction was "to preserve the said locomotive as an object of historical and scientific interest." A copy of said Agreement is attached hereto as **Exhibit "A"**.

12. During 1939 and 1940, Locomotive No. 952, with the approval and assistance of the Lackawanna Railroad, was placed on display at the New York City World's Fair.

13. In 1951, in connection with the observance of the 100th Anniversary of the Lackawanna Railroad, Locomotive No. 952 was placed on display in the

Railroad's Scranton yard, now the location of the Steamtown National Historic Park.

14.     In 1952, John Roberts, of St. Louis, Missouri, the owner of a private railroad museum known as the **"St. Louis Museum of Transport,"** requested that Locomotive No. 952 be placed on display at his museum.

15.     In April, 1953, John Roberts and the R&LHS agreed (with the consent of the Lackawanna Railroad) that Locomotive No. 952 would be transported to St. Louis to be placed on display on an **"indefinite loan"** basis, but with ownership being retained by the R&LHS.

16.     In or about 1979, John Roberts was experiencing financial difficulties, and transferred his entire museum collection by lease to The St. Louis County Department of Parks and Recreation. The County exercised its option to acquire the museum as a gift in February, 1984. The Museum is presently operated at Barrett Station Road, St. Louis, Missouri.

17.     Locomotive No. 952 was moved to an unused railroad track at the Museum where it began to decay and was surrounded by weeds and debris. In 1993 and 1994, officers of the R&LHS visited the site several times and expressed their concern about the condition of Locomotive No. 952. On January 7, 1995, a photo of Locomotive No. 952 appeared in The St. Louis Post Dispatch showing

the neglect and poor condition of the locomotive (See **Exhibit "B"** attached hereto).

18. On May 30, 1996, at a meeting of the Board of Directors of the R&LHS, the Board adopted a Resolution that it would transfer its ownership of Locomotive No. 952 to any responsible organization that would protect the locomotive against further deterioration, restore and conserve it for future display, and return the locomotive to the service territory of the Lackawanna Railroad with the expectation and intent that the locomotive would be placed on display in Scranton, Pennsylvania.

19. In order to meet the requirements of the R & LHS, the Lackawanna Chapter of the R & LHS was incorporated on December 1, 1997, and was approved as a chapter by the R & LHS thereafter.

20. In 1999, the Board of Directors of the R & LHS approved the execution of a gift deed whereby the National Society transferred all of its right, title and interest to Locomotive No. 952 to the Plaintiffs. A copy of said Agreement is attached hereto as **Exhibit "C"**.

21. In 1999, apparently in response to a resolution passed by the General Assembly of Pennsylvania seeking the release of Locomotive No. 952 to its

rightful owner for its return to the Lackawanna Railroad's territory, the Defendant moved Locomotive No. 952 to another area of its museum.

22.     Though requested to do so, the Defendant, on January 4, 2002, refused to return Locomotive No. 952 to Plaintiffs.  The decision not to return Locomotive No. 952 was made by the following officials whose decision constitutes official policy or custom of Defendant:  Buzz Westfall, St. Louis County Executive; Patricia Redington, St. Louis County Counsel; Genie Zakrzewski, Director of St. Louis County Parks and Recreation; Charlie A. Dooley, Kathleen Burkett, Skip Mange, Michael O'Mara, Kurt S. Odenwald, John Campisi, and Gregory F. Quinn – members of St. Louis County Council; Nancy Guilfoil, Mary Ellen Hayes, Carole Lowery, Harold Mester, Sam Nakis, Nadine Nunn, and John Peterson – members of St. Louis County Park Board.

23.     Locomotive No. 952 is the property of Plaintiffs.

24.     Plaintiffs have a right to immediate possession of Locomotive No. 952.

25.     Defendant is in wrongful possession of Locomotive No. 952.

26.     Defendant's continuing wrongful possession of Locomotive No. 952 has prevented Plaintiffs from using the same all to Plaintiffs damage.

27.     By reason of the above, Plaintiffs are entitled to Locomotive No. 952.

WHEREFORE, Plaintiffs, Lackawanna Chapter of the Railway & Locomotive Historical Society, Inc., and The Friends of the New Jersey Railroad and Transportation Museum Commission, Inc., request that the Court enter the following relief:

      (a)      An Order of Replevin requiring Defendant to deliver the Locomotive No. 952 to the Plaintiffs;

      (b)      An award of damages in favor of the Plaintiffs and against the Defendant for the wrongful detention of Locomotive No. 952;

      (c)      Such further relief as the Court deems appropriate.

## COUNT II

28.      Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 27 of this Complaint and incorporate them herein by reference thereto.

29.      Defendant's refusal to return Locomotive No. 952 to the Plaintiffs constitute a breach of the provisions of the April 1953 Loan Agreement by which Plaintiffs, the owners of said locomotive, have a right to demand its return.

30. It is not commercially feasible for the Plaintiffs to obtain a replacement for the Locomotive No. 952. Therefore, Locomotive No. 952 constitutes "unique property" as defined in Article 2 of the Uniform Commercial Code.

31. By reason of the above, the Plaintiffs are entitled to immediate possession of the Locomotive No. 952.

WHEREFORE, the Plaintiffs, Lackawanna Chapter of the Railway & Locomotive Historical Society, Inc., and The Friends of the New Jersey Railroad and Transportation Museum Commission, Inc., request that the Court grant the following relief:

(a) Specific performance of the provisions of the April 1953 Loan Agreement requiring Defendant to return Locomotive No. 952 to Plaintiffs;

(b) An Order of Replevin requiring Defendant to deliver the Locomotive No. 952 to the Plaintiffs;

(c) An award of damages in favor of the Plaintiffs and against the Defendant for the wrongful detention of Locomotive No. 952;

(d) Such further relief as the Court deems appropriate.

## COUNT III

32.     Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 31 of this Complaint and incorporate them herein by reference thereto.

33.     The refusal of Defendant to return Locomotive No. 952 to the Plaintiffs constitutes a deprivation of Plaintiffs' rights to substantive due process in violation of 42 U.S.C. §1983.

WHEREFORE, Plaintiffs, Lackawanna Chapter of the Railway & Locomotive Historical Society, Inc., and The Friends of the New Jersey Railroad and Transportation Museum Commission, Inc., request that the court enter the following relief:

(a)     Specific performance of the provisions of the April 1953 Loan Agreement requiring Defendant to return Locomotive No. 952 to Plaintiffs;

(b)     An Order of Replevin requiring Defendant to deliver Locomotive No. 952 to Plaintiffs;

(c)     An award of damages for the wrongful detention of Locomotive No. 952;

(d)     Such further relief as the Court deems appropriate.

                                     Respectfully submitted,

s/Joseph A. O'Brien
Joseph A. O'Brien, Esquire
*Attorney for Plaintiffs*
Attorney I.D. No.: 22103
Oliver, Price & Rhodes
P.O. Box 240
Clarks Summit, PA 18411
Tel: (570) 585-1200
Fax: (570) 585-5100
Email: jaob@oprlaw.com

## CERTIFICATE OF SERVICE

I, **Joseph A. O'Brien, Esquire**, of Oliver, Price & Rhodes, hereby certify that on the 8th day of October, 2004, I served a true and correct copy of the foregoing SECOND AMENDED COMPLAINT pursuant to F.R.C.P. 26(a)(1), as follows:

>robert_moore@stlouisco.com
>Robert C. Moore, Esquire
>St. Louis County Counselor's Office
>41 S Central Avenue
>Clayton, MO 63105

s/Joseph A. O'Brien<br>
Joseph A. O'Brien, Esquire