UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LACKWANNA CHAPTER OF THE RAILWAY & LOCOMOTIVE HISTORICAL SOCIETY INC., and THE FRIENDS OF THE NEW JERSEY RAILROAD AND TRANSPORTATION MUSEUM COMMISSION, INC. | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 4:04CV734<br>) |
| ST. LOUIS COUNTY, MISSOURI d/b/a, MUSEUM OF TRANSPORTATION | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion to Dismiss Case for Failure to State a Claim Pursuant to Rule 12(b)(6) brought by Defendant St. Louis, County Missouri d/b/a Museum of Transportation ("Defendant" or "the Museum") (#32). The Museum argued in its Motion that the Plaintiffs' Complaint fails to state claims for Missouri breach of contract, conversion, and due process. Subsequent to the filing of the Museum's First Motion to Dismiss, Plaintiffs, Lackawanna Chapter of the Railway & Locomotive Historical Society, Inc. and The Friends of the New Jersey Railroad and Transportation Museum Commission, Inc. (collectively "Plaintiffs") filed a Memorandum in Opposition to the First Motion to Dismiss in which Plaintiffs voluntarily withdrew their claims for conversion and procedural due process. Then Plaintiffs filed their Motion for Leave to File Second Amended Complaint (#36) with memorandum in support thereof along with their proposed Second Amended Complaint which contains counts for replevin, specific performance, alleges a deprivation of substantive due process in violation of 42 U.S.C. § 1983, and requests damages. Thereafter, the Museum filed its Motion to Dismiss Plaintiff's

Second Amended Complaint (#43) arguing that the Second Amended Complaint fails to state claims for breach of contract and substantive due process under the Fourteenth Amendment. Plaintiffs filed a Memorandum in Opposition to the Museum's First Motion to Dismiss the Second Amended Complaint. There has been no reply.[1]

**Background**

Plaintiffs bring this action pursuant to diversity jurisdiction and federal question jurisdiction. Second Am. Compl. ¶ 4. Plaintiff, Lackawanna Chapter of the Railway & Locomotive Historical Society, Inc., is a Pennsylvania not-for-profit corporation with its principal place of business located in Mountainhome, Monroe County, Pennsylvania. Second Am. Compl. ¶ 1. The other Plaintiff in this action, The Friends of the New Jersey Railroad and Transportation Museum Commission, Inc., is a New Jersey not-for-profit corporation with its principal place of business in Phillipsburg, New Jersey. Second Am. Compl. ¶ 2. The Defendant, St. Louis County Missouri, is a body corporate and politic organized and existing under the laws and state of Missouri. Second Am. Compl. ¶ 3. Plaintiffs allege that "the amount of controversy in this case exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs." Second Am. Compl. ¶ 4. Defendant operates the Museum of Transportation. Id.

Plaintiffs allege that in or about the year 1905, the American Locomotive Company of Schenectady, New York, manufactured for the Delaware, Lackawanna & Western Railroad Company (hereinafter "Lackawanna Railroad") a steam locomotive designated as Locomotive No. 952. Second Am. Compl. ¶ 5. The Locomotive No. 952 was one of four "900 Series"

---

[1]As a preliminary matter, the Museum's First Motion to Dismiss the First Amended Complaint is now moot in light of Plaintiffs' subsequent Motion to file its Second Amended Complaint. Therefore, the Museum's First Motion to Dismiss the First Amended Complaint should be denied as moot, and this Court should proceed to consider the Museum's remaining Motion to Dismiss Plaintiffs' Second Amended Complaint.

camelback locomotives utilized in connection with the Lackawanna Railroad's public relations effort to induce passengers to use the railroad because anthracite coal was used and considered to be a "clean burning" coal with very little smoke and cinders. Second Am. Compl. ¶¶ 6-8. The Lackawanna Railroad introduced a fictional passenger, known as "Phoebe Snow" and created the slogan "my gown stays white from morn to night upon the road of anthracite." Id.

Locomotive No. 952 was utilized by the Lackawanna Railroad in regular, active service beginning in 1905 and continuing until 1938, when the locomotive was retired from active service. Second Am. Compl. ¶¶ 9-10. Plaintiffs allege that by agreement dated April 17, 1939, the Lackawanna Railroad transferred ownership of Locomotive No. 952 to the Railway and Locomotive Historical Society, Inc. ("R&LHS"), a Massachusetts corporation, subject to certain conditions. Second Am. Compl. ¶ 11. It is alleged that the purpose of the transaction was to preserve the said locomotive as an object of historical and scientific interest. Id.; See Pls.' Second Am. Compl. Ex. A. During 1939 and 1940, Locomotive No. 952, with Lackawanna Railroad's assistance and approval, was placed on display at the New York City World's Fair. Second Am. Compl. ¶ 12. In 1951, in connection with the observance of the 100th Anniversary of the Lackawanna Railroad, Locomotive No. 952 was placed on display in the Railroad's Scranton Yard, now the location of the Steamtown National Historic Park. Second Am. Compl. ¶ 13.

Plaintiffs allege that in 1952, John Roberts of St. Louis, Missouri, the owner of a private railroad museum known as the "St. Louis Museum of Transport," requested that Locomotive No. 952 be placed on display at his museum. Second Am. Compl. ¶ 14. Plaintiffs also allege that in April 1953, John Roberts and the R&LHS agreed, with the consent of Lackawanna Railroad, that Locomotive No. 952 would be transported to St. Louis to be placed on display on an "indefinite loan" basis, but with ownership being retained by the R&LHS. Second Am. Compl. ¶ 15.

According to Plaintiffs, in or about the year 1979, John Roberts was experiencing financial difficulties, and transferred his entire museum collection by lease to The St. Louis County Department of Parks and Recreation. Second Am. Compl. ¶ 16. The County exercised its option to acquire the museum as a gift in February, 1984. Id. The Museum is presently operated at Barrett Station Road, St. Louis, Missouri. Id.

Plaintiffs allege that Locomotive No. 952 was moved to an unused track at the Museum where it began to decay and was surrounded by weeds and debris. Second Am. Compl. ¶ 17. Further, Plaintiffs maintain that in 1993 and 1994, officers of the R&LHS visited the site several times and expressed their concern about the condition of Locomotive No. 952. Id. On January 7, 1995, a photo of Locomotive No. 952 appeared in the St. Louis Post Dispatch showing the neglect and poor condition of the locomotive. Id.; See Pls.' Second Am. Compl. Ex. B. Plaintiffs assert that on May 30, 1996, at a R&LHS Board of Directors meeting, the Board adopted a Resolution that it would transfer its ownership of Locomotive No. 952 to any responsible organization that would protect the locomotive against further deterioration, restore and conserve it for future display, and return the locomotive to the service territory of the Lackawanna Railroad with the expectation and intent that the locomotive would be placed on display in Scranton, Pennsylvania. Second Am. Compl. ¶ 18.

Plaintiffs explain that in order to meet the requirements of the R&LHS, the Lackawanna Chapter of the R&LHS was incorporated on December 1, 1997, and was approved as a chapter by the R&LHS thereafter. Second Am. Compl. ¶ 19. Plaintiffs assert that in 1999, the Board of Directors of the R&LHS approved the execution of a gift deed whereby the National Society transferred all of its right, title and interest to Locomotive No. 952 to the Plaintiffs. Second Am. Compl. ¶ 20; See Pls.' Second Am. Compl. Ex. C. Plaintiffs allege that in 1999, in response to a

resolution passed by the general Assembly of Pennsylvania seeking the release of Locomotive No. 952 to its rightful owner for its return to the Lackawanna Railroad's territory, the Defendant moved Locomotive No. 952 to another area of its museum. Second Am. Compl. ¶ 21. According to Plaintiffs, the Defendant on January 4, 2002, refused to return Locomotive No. 952 to Plaintiffs, though requested to do so. Second Am. Compl. ¶ 22.

Plaintiffs allege that Locomotive No. 952 is the property of Plaintiffs, and that Plaintiffs have a right to immediate possession of the locomotive. Second Am. Compl. ¶ 23-24. Defendant asserts that it has refused to return the locomotive because of its asserted ownership of the locomotive. See Def.'s Mot. to Dismiss Second Am. Compl. p. 5. Plaintiffs seek orders of replevin requiring the Museum to deliver the locomotive to the Plaintiffs, specific performance of the provisions of the April 1953 Loan Agreement requiring Defendant to return Locomotive No. 952 to Plaintiffs, damages for wrongful detention, and relief pursuant to an alleged deprivation of Plaintiffs' rights to substantive due process in violation of 42 U.S.C. § 1983. Second Am. Compl. pp. 8- 11.

## Motion to Dismiss

In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1603, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir. 1986). The court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. 5 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil, Sec. 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." Id. at 122-123.

Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

The Court must view the complaint in the light most favorable to the plaintiff and should not dismiss it merely because the Court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982). With this standard in mind, the Court turns to an examination of the Plaintiffs' Second Amended Complaint.

## Discussion

The Museum argues that Plaintiffs' breach of contract and substantive due process claims in their Second Amended Complaint should be dismissed. Each one of these claims will be taken in turn.

First, with respect to Plaintiffs' breach of contract claim, Defendant argues that it must fail because the agreement referenced by Plaintiffs does not comply with the statute of frauds pursuant to Missouri Statute § 432.070,[2] which Defendant asserts requires contracts involving government entities to be in writing. Def.'s Mot. to Dismiss Second Am. Compl. pp. 5- 7. Further, Defendant argues that this statute is expressly made applicable to counties. Id.

---

[2]The statute states, "No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing." MO. ANN. STAT. § 432.070.

Defendant argues that Plaintiffs have not plead the existence of any contract signed by the authorized officials of St. Louis County, and that therefore Count II of Plaintiffs' Second Amended Complaint should be dismissed. Id.

Plaintiffs' Complaint lacks some clarity[3], but it does appear to allege a breach of the provisions of the "April 1953 Loan Agreement." Pls' Second Am. Compl. ¶ 29. At this point in the case, without determining if MO. ANN. STAT. § 432.070 is directly applicable, this Court cannot determine based solely on the Second Amended Complaint, exactly what type of supporting evidence Plaintiffs may wish to introduce at trial in support of their claim for breach of contract. Plaintiffs have discussed an "agreement" in their Second Amended Complaint, and have alleged that such an "agreement" was breached by Defendant. Therefore, the Court can reasonably infer that some type of evidence on these material points supporting a claim for breach of contract will be introduced at trial. Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46. It does not appear beyond a reasonable doubt that Plaintiffs can prove no set of facts in support of their breach of contract claim; to grant the Defendant's Motion with respect to the breach of contract claim would considerably heighten the legal standard required of the Plaintiffs with respect to surviving the instant Motion to Dismiss. Therefore, the Court should deny Defendant's Motion with respect to dismissing the breach of contract claim.

---

[3]For example the Complaint contains three counts, but Count I discusses the jurisdictional elements of this case and asks for an order of replevin and damages; Count II mentions a "breach" in ¶ 29 and asks for specific performance, an order of replevin, and damages; and finally Count III alleges a deprivation of substantive due process and again asks for specific performance, an order of replevin, and damages.

Second, with respect to Plaintiffs' substantive due process claim, Defendant argues that the claim should be dismissed because Plaintiffs' claim to the locomotive does not fall within any "fundamental" liberty interest based in the Constitution, nor does St. Louis County's conduct of refusing to surrender the locomotive "shock the conscience" or "offend judicial notions of fairness or human dignity." Def.'s Mot. to Dismiss Second Am. Compl. pp. 7-10. Plaintiffs maintain that Defendant's alleged refusal to return the extremely unique and historical locomotive, without justification, rises to the level of a substantive due process violation. Pls.' Brief in Opposition to Def.'s Mot. to Dismiss Second Am. Compl. pp. 5-6.

In order to succeed on a claim for substantive due process, a plaintiff has two possible avenues. The first avenue is that the plaintiff may assert that the state infringes some "fundamental" liberty interest based in the United States Constitution without narrowly tailoring that infringement to serve a compelling state interest. Riley v. St. Louis County, 153 F.3d 627, 631 (8th Cir. 1998). By way of illustration, Courts have found such "fundamental" liberty interests to include, for example, the recognition of the right to marry, Loving v. Virginia, 388 U.S. 1, 87 S.Ct. (1967), to have children, Skinner v. Oklahoma, 316 U.S. 535 (1942), to direct the upbringing and education of one's children, Meyer v. Nebraska, 262 U.S. 390 (1923), to marital privacy, Griswold v. Connecticut, 381 U.S. 479 (1965), and so forth. None of the "fundamental" substantive due process rights have ever included such contractual rights or possessory rights similar to those alleged in Plaintiffs' Complaint regarding the possession and ownership of the locomotive.

Therefore, to state a substantive due process claim without alleging that the state has infringed some "fundamental" liberty interest, Plaintiffs "must allege that a government action was 'sufficiently outrageous' or 'truly irrational, that is, something more than ... arbitrary, capricious,

or in violation of state law.'" Young v. City of St. Charles, 244 F.3d 623, 628 (8th Cir. 2001) citing Anderson v. Douglas County, 4 F.3d 574, 577 (8th Cir. 1993); Riley, 153 F.3d at 631 (upholding 12(b)(6) dismissal where plaintiff failed to allege governmental action that was "sufficiently outrageous" to sustain claim of substantive due process violation). "An alternative way to bring a substantive due process claim is to assert that the government's actions 'either shock the conscience' or 'offend judicial notions of fairness or human dignity.'" Id. citing Riley, 153 F.3d at 631. See Brown v. Nix, 33 F.3d 951, 953 (8th Cir. 1994) (holding that concept of substantive due process prohibits government from engaging in conduct that "shocks the conscience" or interferes with rights implicit in the concept of ordered liberty). The Eighth Circuit has explained that "the theory of substantive due process is properly reserved for truly egregious and extraordinary cases, and violations of state law, in and of themselves, are not actionable under 42 U.S.C. § 1983." Myers v. Scott County, 868 F.2d 1017, 1018 (8th Cir. 1989).

The facts as alleged in the Complaint do not support the conclusion that Defendant's decision to retain possession of the locomotive was a government action that was sufficiently outrageous or truly irrational, or something more than arbitrary, capricious, or a violation of state law in support of a substantive due process claim. Young, 244 F.3d at 628. Neither do the facts as alleged show that Defendants actions either shock the conscience or offend judicial notions of fairness or human dignity. Id. Furthermore, in light of the alleged facts, there is no support for the conclusion that the decision to retain possession of the locomotive interferes with rights implicit in the concept of ordered liberty. Brown, 33 F.3d at 953. On the contrary, Plaintiffs, Second Amended Complaint contains allegations of state law violations concerning the ownership of unique property arising out of a situation in which the locomotive, which allegedly found its

way to the Museum on an "indefinite loan" basis, was never returned. Based on the Second Amended Complaint, the Plaintiffs' have alleged nothing more than state law violations.

In summary, Plaintiffs' Complaint as pleaded fails to state a claim for denial of substantive due process under the Fourteenth Amendment. As a result, finding that there is no possible way that Plaintiffs may succeed on their substantive due process claim based on the allegations contained in their Second Amended Complaint, Defendant's Motion to dismiss the substantive due process claim should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the First Motion to Dismiss Case for Failure to State a Claim Pursuant to Rule 12(b)(6) filed by Defendant St. Louis, County Missouri d/b/a Museum of Transportation (#32) be and hereby is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Motion for Leave to file Second Amended Complaint filed by Plaintiffs, Lackawanna Chapter of the Railway & Locomotive Historical Society, Inc. and The Friends of the New Jersey Railroad and Transportation Museum Commission, Inc., (#36) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendant St. Louis, County Missouri d/b/a Museum of Transportation with respect to a deprivation of Plaintiffs' rights to substantive due process be and hereby is **GRANTED** and the Motion to Dismiss Plaintiff's Second Amended Complaint with respect to allegations of a breach of contract be and hereby is **DENIED** (#43).

**IT IS FINALLY ORDERED** that Defendant St. Louis, County Missouri d/b/a Museum of Transportation may have until May 31, 2005, to answer or otherwise respond to those portions of the Second Amended Complaint not dismissed by this Order.

Dated this 13th day of May, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE